UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
RAKOWER LAW PLLC,                                            :
:
                                 Plaintiff,                    :      21-cv-6439 (PGG) (OTW)
:
              -against-                               :
:               **ORDER**
RICARDO BERNER and PRACTIKO, LLC,                            :
:
                                 Defendants.                   :
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court has reviewed ECF 93, the parties' latest joint status letter. The parties represent that they have completed discovery, subject to my resolution of Plaintiff's pending sanctions motion, and the imposition of new deadlines for the remaining items in the parties' Civil Case Management Order.

    **I.**    **PLAINTIFF'S PENDING SANCTIONS MOTION**

Before the Court is Plaintiff's motion for sanctions against Defendants for alleged discovery abuse. (ECF Nos. 75, 93). Specifically, Plaintiff alleges that Defendants attempted to shield unfavorable communications with broad and improper redactions. (ECF 73 at 2). Plaintiff additionally alleges that Defendants falsely represented that their redactions did not shield communications concerning their defenses, falsely represented that they did not rely upon Plaintiff's work product in preparing the second injunction motion in the Florida action, and continued to shield communications relating to their defenses and nonprivileged communications exchanged with co-counsel in the Florida Action. (ECF 85 at 1). Plaintiff specifically identified ECF Nos. 75-1, 75-2, 75-3, and 75-4 as examples of documents that

Defendants had improperly redacted. Lastly, Plaintiff supplemented their sanctions motion by arguing that Defendants had made "improper and misleading" statements concerning discovery, letting Plaintiff believe that an engagement letter between AXS Law Group PLLC and Defendants existed when it did not, and leading Plaintiff to believe that the basis for the amount paid to AXS Law in the Florida action was based on invoices and settlement agreements when it was actually derived from negotiations in mediation. (ECF 93 at 1-2).

Defendants disputed these allegations. (*See* ECF 85; 90). On November 15, 2022, I ordered Defendants to submit *ex parte* unredacted copies of ECF Nos. 75-1, 75-2, 75-3, and 75-4, along with a letter explaining why the redactions were warranted. Defendants submitted those materials to me on November 18, 2022. (ECF 90).

Rule 37 provides that if a motion to compel discovery is granted, the court "must order" the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, unless the nondisclosure was substantially justified or other circumstances make such an award unjust. Fed. R. Civ. P. 37(a)(5)(A). "Conduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011). Here, Defendants maintain that they only redacted portions of documents that contain privileged communications and work product which were unrelated to the specific and limited search and production I ordered of relevant documents at the parties' August 2, 2022 status conference. Upon *in camera* review of the contested documents, I find that they were appropriately redacted for privilege in response to my oral rulings made at the August 2 conference. (*See* ECF 71 at 11).

Defendants further maintain that they properly produced relevant and nonprivileged documents, that they removed redactions that had been mistakenly applied to certain documents after meeting and conferring with Plaintiff, and that they have made multiple good faith-efforts to resolve the parties' discovery disputes by removing redactions, reproducing documents, and producing additional records requested by Plaintiff. (ECF Nos. 75, 85, 90). Additionally, Defendants maintain that their initial objections to providing the engagement letter in the Florida action were based on relevance, and that there was no formal discovery outstanding based on that request. (ECF 90). As to the dispute over invoices, Defendants argue that their statements regarding the invoices and settlement agreement still reflected the amount paid to AXS Law and were not inaccurate.

I find that because there are genuine disputes over the appropriateness of the withheld and belatedly provided discovery, including the appropriateness of Defendants' redactions on the documents I reviewed *in camera*, sanctions are not appropriate under Fed. R. Civ. P. 37.[1] Defendants opposed certain other discovery based on relevance and privilege objections. (ECF 75 at 3; ECF 93 at 3). Defendants' redactions and other reasons to withhold or belatedly provide Plaintiff with discovery were therefore substantially justified.[2] *Klein v. Torrey Point Grp., LLC*,

---

[1] Plaintiff states that they seek sanctions under Fed. R. Civ. P. 37(c)(1). The authorities Defendants cite in opposition to Plaintiff's sanctions motions sound in Fed. R. Civ. P. 37(a)(5)(A). For the avoidance of any doubt, I find that sanctions are not warranted under either part of Rule 37 because Defendants' conduct with respect to the discovery disputes in this action were substantially justified.

[2] The Court has broad discretion in determining appropriate Rule 37 sanctions. *See JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, No. 03-CV-5562 (JGK) (AJP), 2005 WL 1958361, at *11 (S.D.N.Y. Aug. 16, 2005) (collecting cases). Although Rule 37(a) generally supports the principle that the "loser pays" when bringing a discovery motion (*id.* at *14), the Court finds the parties were substantially justified in carrying this point -- concerning four redacted emails -- to a judicial resolution. My finding of "substantial justification" does not mean, however, that I condone the conduct of the lawyers and parties to date. The parties are expected to conduct themselves professionally and courteously with each other and before the Court, and to complete expert discovery expeditiously and efficiently.

979 F. Supp. 2d 417, 442 (S.D.N.Y. 2013) (denying motion for fees and costs under Rule 37 where there was substantial justification for refusing discovery, even where the party's arguments for refusing discovery were unavailing).

II. **REMAINING DISCOVERY ISSUES**

The deadline to complete fact discovery in this matter was November 15, 2022. (ECF 84). The parties have represented to the Court that they have concluded fact discovery. (ECF 93). Accordingly, fact discovery is **CLOSED**.

The deadline to complete expert discovery is **February 28, 2023**. Parties seeking to make post-discovery dispositive motions shall submit a pre-motion conference letter to Judge Gardephe in accordance with his Individual Rules, also by **February 28, 2023**.

**SO ORDERED.**

Dated: December 14, 2022
New York, New York

   *s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge