

AXS Law Group, PLLC
**O:** 305.297.1878
http://www.axslawgroup.com

# MEMO ENDORSED

March 15, 2023

<u>VIA ECF</u>

The Honorable Jennifer H. Rearden
United States District Court Southern District of New York
500 Pearl Street, Room 1010
New York, NY 10007

      Re:    *Rakower Law PLLC v. Ricardo Berner and Practiko, LLC, Case No. 21-CV-06439(JHR)(OTW)—Letter-Motion to Seal*

Dear Judge Rearden,

    We represent Defendants Ricardo Berner and Practiko, LLC in this matter. We write to submit a request to seal certain documents filed in support of Plaintiff's motion for summary judgment, which contain confidential and privileged information.

    Of the 32 exhibits Plaintiff filed in support of its motion, Defendants requested that only three groups of documents be filed under seal, totaling 9 exhibits. The first group includes attorney-client privileged communications; the second, reveals information protected by the attorney-client or work-product privilege; and the third, discloses the terms of the settlement agreement reached in the Florida action, which are confidential. Thus, Defendants request that the following exhibits be filed under seal:

| Exhibit No. | Basis for sealing |
| --- | --- |
| **<u>Exhibit 5</u>** | Copy of an email chain between Defendants and Michael Rakower, which contain privileged communications regarding mediation strategy in the Florida action. |
| **<u>Exhibits 9, 10, 12, 13, 17, 22 and 30</u>** | Copies of all invoices issued in connection with the Florida action, by the Plaintiff, which reveal attorney-client and work-product privileged communications. |
| **<u>Exhibit 31</u>** | Copy of the settlement agreement reached in the Florida Action, whose terms are confidential and contain sensitive information. The settlement agreement contains a confidentiality clause. |




**AXS Law Group, PLLC**
**O:** 305.297.1878
http://www.axslawgroup.com

Counsel for Plaintiff filed these exhibits under seal on March 10, 2023 and therefore undersigned counsel is not refiling them with this letter motion.

The parties attempted to meet and confer on March 10, 2013 regarding Defendants' request to seal certain exhibits. After sending a chart to Plaintiff's counsel, to convey Defendants' position regarding the confidentiality of the exhibits, counsel for Defendants called Plaintiff's counsel, who did not answer and did not return our calls. After trying to reach Plaintiff's counsel by phone, Counsel for Defendants followed up via email and attempted to reschedule the meet and confer conference, but did not receive a response. To date, counsel for Plaintiff has not returned our calls nor stated their position regarding Defendants' request to seal.

Thank you very much for your attention to this matter.

Respectfully submitted,

**AXS LAW GROUP, PLLC**
2121 NW 2nd Avenue, Suite 201
Miami, FL 33127
Tel: 305.297.1878

By: _/s/ Jeffrey W. Gutchess_
Jeffrey W. Gutchess, Esq.
jeff@axslawgroup.com
eservice@axslawgroup.com
Bernardo N. de Mello Franco
bernardo@axslawgroup.com

*Counsel for Defendants Ricardo Berner and Practiko, LLC*

Application DENIED without prejudice. Defendants' motion does not comply with this Court's Individual Rules and Practices, which require that "any redaction or sealing of a court filing [] be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must otherwise be consistent with the presumption in favor of public access to judicial documents." Individ. Rs. & Pracs. 9.B (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). Defendants fail to explain why and how sealing the documents referenced herein complies with the *Lugosch* standard. Further, to the extent that Defendants' motion is premised on a "settlement agreement contain[ing] a confidentiality clause," *see supra* at 1, the Court's Individual Rules provide that "[i]n general, . . . the fact that information is subject to a confidentiality agreement between litigants[] is not sufficient to overcome the presumption in favor of public access to judicial document," Individ. Rs. & Pracs. 9.B (citing *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015)).

Should Defendants choose to renew their application, they shall do so by **April 22, 2024**. In connection with any such application, the parties are reminded of their obligation to meet and confer in good faith "to narrow the scope of the request." Individ. Rs. & Pracs. 9.C.i.

The Clerk of Court is directed to terminate ECF Nos. 99 and 111. The Clerk of Court is further directed to maintain all currently sealed documents under seal pending a possible renewed motion by Defendants.

SO ORDERED.

_Jennifer H. Rearden_
Jennifer H. Rearden, U.S.D.J.
Date: March 31, 2024